Elmo Baldassari *v.* Pennsylvania Power & Light Company, Appellant.

In Re: Condemnation of Lands in Ransom Township, County of Lackawanna, Commonwealth of Pennsylvania, Owned by Elmo Baldassari. Elmo Baldassari, Appellant.

Argued April 6, 1978, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Joseph Mullaney,* with him *Harvey Gelb,* for Pennsylvania Power & Light Company.

*Paul A. McGlone,* for Elmo Baldassari.

OPINION BY JUDGE CRUMLISH, JR., August 3, 1978:

This case involves consolidated cross appeals from an award of damages in an eminent domain proceeding. Elmo Baldassari (Baldassari) is the owner of a 603-acre tract which was bisected by a 325-foot wide easement granted to Pennsylvania Power & Light Company (PP&L) for the purpose of constructing large electrical transmissions lines. The court, sitting without a jury, awarded $104,705.00 in damages to Baldassari but ascribed no value to the 35.8-acre piece which comprised the PP&L easement, holding that due to the nature of its use, its taking was total. Upon appeal, this Court in *Pennsylvania Power & Light Co. v. Baldassari,* 15 Pa. Commonwealth Ct. 552, 328 A.2d 213 (1974), held that Baldassari

> not only has the after value of the reversion if the easement is abandoned, which may not be of great value although certainly worth something, but he also has the right to use this center segment as access to and in conjunction with the two bordering segments and for all other purposes not inconsistent with appellant-condemnor's easement.

15 Pa. Commonwealth Ct. at 556, 328 A.2d at 215. This Court remanded the matter for a determination of the value of the strip. On remand, the court below held that the 35.8-acre strip had a value of $100.00 per acre and reduced Baldassari's award to $101,125.00. The court expressly reaffirmed its prior judgment as to the value of the remaining portion of the land.

In this appeal, Baldassari again urges the same arguments which meet the same fate that they did previously, namely, we rejected the contention that PP&L's taking was in fee simple rather than easement.

PP&L argues that the decision of this Court was required not merely to value the 35.8 acre strip but to recalculate the value of the remaining portion of the property. The opinion of the trial court discloses that on remand the re-evaluation was, in fact, done. The court wrote:

> [W]e are nevertheless bound by the decision of the Appellate Court and herein revise the award of damages to the landowners consistent with the Appellate Court's decision.

> Reviewing the evidence in this case in the light of the Appellate Court's decision that we must ascribe a value to the 35.8 acres involved in the condemnation, it is our finding that this condemnation still seriously bisected the land of the owners and we must still consider the taking to have seriously affected the total use and enjoyment of this land.

> . . . .

> It is the further finding of this Court that the value previously ascribed to the other two portions (the 84 acre portion valued at $150 per acre—and the 483.2 acre portion valued at $350 per acre) remains the same.

This finding is well supported by the testimony below. The testimony adduced at trial produced a great divergence as to value. The trial court's value lies well within the range of value. "[I]t is within the province of the trial judge, acting as a jury, to resolve conflicts in this testimony and to weigh the credibility of the respective witnesses in determining the damages suffered by the condemnee. . . ." *Patterson v. County of Allegheny,* 15 Pa. Commonwealth Ct. 228, 234, 325 A.2d 484, 487 (1974).

The trial judge also viewed the property and "thus could base its verdict upon its own judgment of the

value of the property." *Patterson v. County of Allegheny, supra,* 15 Pa. Commonwealth Ct. at 234, 325 A.2d at 487. Section 703 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-703. There is no question that this appeal is without merit and accordingly, we affirm the court below in its judgment of PP&L's appeal.

ORDER

AND Now, this 3rd day of August, 1978, the order of the Court of Common Pleas of Lackawanna County is affirmed.